IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO COLON, | : | CIVIL NO. 3:16-CV-2091 |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| WARDEN DAVID J. EBBERT, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Julio Colon ("Colon" or "Petitioner"), an inmate currently confined in the Special Management Unit ("SMU") at the United States Penitentiary in Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 17, 2016. (Doc. 1). Petitioner claims that his due process rights were violated during the course of a prison disciplinary proceeding addressing Incident Report Number 2798439. (Doc. 1, p. 1). He seeks expungement of the incident report. (Id.).

The petition is ripe for disposition. For the reasons set forth herein, the petition will be dismissed.

**I.   Background**

On December 28, 2015, Petitioner was charged in Incident Report Number 2798439 with Possession of an Unauthorized Item in violation of Prohibited Act Code 305. (Doc. 6-1, ¶ 4). Colon contends that after he received the report, he requested the presence of Officer Johnson as a witness. (Doc. 2, p. 1). He appeared before the Unit Disciplinary Committee

("UDC") on December 29, 2015. (Doc. 6-1, p. 8). The UDC denied his request of a witness "without explanation." (Doc. 2, p. 2). The UDC determined that Petitioner committed the prohibited act and sanctioned him with a thirty-day setback in his progression in the SMU program. (Doc. 6-1, p. 8).

## II. Discussion

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Petitioner fails to set forth a cognizable due process claim as the disciplinary sanction he received does not implicate any liberty interests that are protected by the Due Process Clause. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time).

Petitioner did not lose good conduct time. Colon was sanctioned to thirty days setback in his progression in the SMU program. This sanction does not implicate protected liberty interests. Moreover, placement in the SMU does not give rise to atypical and significant hardships in relation to the ordinary incidents of prison life and does not implicate due process of law. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 470 (M.D. Pa. 2010), citing *Smith v. Dodrill, et al.*, Civ. No. 4:07–cv–2295, 2009 WL 62175, at *4, 11–12 (M.D.Pa. Jan. 8, 2009); *Spencer v. Kelchner, et al.*, Civ. No. 3:06–cv–1099, 2007 WL 88084, at *10 (M.D.Pa. Jan. 9, 2007); *Francis v. Dodrill, et al.*, Civ. No. 3:04–cv–1694, 2005 WL 2216582, at *3–5 (M.D.Pa. Sept. 12, 2005); *Stotts v. Dodrill, et al.*, Civ. No. 3:04–cv–00043, slip op. at 8 (M.D.Pa. Feb. 7, 2005).

Because the sanction imposed did not include a loss of good conduct time and, therefore, had no impact on the fact or length of Petitioner's sentence or confinement, the petition is subject to dismissal. *See Leamer*, 288 F.3d at 540-42; *Castillo v. FBOP FCI Fort Dix*, 221 F. App'x. 172 (3d Cir. 2007)

A separate Order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:     November 28, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO COLON, | : | CIVIL NO. 3:16-CV-2091 |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| WARDEN DAVID J. EBBERT, | : | |
| Respondent | : | |

## ORDER

AND NOW, to wit, this 28th day of November 2016, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons stated in the Court's Memorandum of the same date, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court